UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUTTON STREET REALTY CORP.,

                       Fourth-Party Plaintiff,

**MEMORANDUM & ORDER**

    -against-

03 CV 1051 (RJD) (KAM)

BUTWIN INSURANCE GROUP,

                       Fourth-Party Defendant.
-----------------------------------------------------------------x
DEARIE, Chief Judge.

      Fourth-party defendant Butwin Insurance Group ("Butwin") moves pursuant to Fed. R. Civ. Proc. 60(b) for relief from this Court's March 30, 2007 Memorandum and Order denying Butwin's motion for summary judgement. The motion to reconsider is granted and, for the reasons set forth below, the Court grants summary judgment to Butwin.

## DISCUSSION[1]

### A.   Motion to Reconsider

      Butwin argues that "notice of the occurrence and/or suit by Sutton to its insurer [U.S. Underwriters] was late as a matter of law" and that therefore "the Court should also dismiss all claims against Butwin." Butwin May 2, 2007 Letter 2. Under New York law, "a broker stands in the shoes of the insurer and liability is limited to that which the insurer would have had to pay had coverage been in effect." DeLorenzo v. Bac Agency, Inc., 681 N.Y.S.2d 846, 848 (App. Div. 1998). Where "plaintiff failed to satisfy [a] condition precedent . . . . plaintiff is precluded from

---

[1] The relevant facts and background regarding this case are summarized at the beginning of this Court's March 30, 2007 Memorandum and Order.

obtaining reimbursement [against his broker]." Id. If Butwin's assertions are correct, then Butwin would be shielded from liability, regardless of any negligent procurement on its part. The Court grants Butwin's motion for reconsideration and proceeds to determine: (1) whether the Sutton-U.S. Underwriters contract contained a valid notice of occurrence and/or suit requirement; and if so, (2) whether Sutton failed to satisfy that requirement.

## B. The Contract

In its March 30, 2007 Memorandum and Order, the Court determined that the document controlling the obligations of the parties is the Order Blank and Binder that was sent from Morstan General Agency, Inc., acting as U.S. Underwriters' broker, to Butwin on October 23, 2001. The Court further found that the parties intended to incorporate the terms and conditions of an October 3, 2001 quote from Morstan into that binder. The quote notes various required endorsements including the employee exclusion cited by the Court in granting summary judgement to U.S. Underwriters. In addition, the quote also refers to an endorsement called "CG0001 C.G.L. Coverage Form (07/98)." Def./Third Party Pl.'s Cross-Mot. Summ. J. Exh. 5. Section IV, Part 2 of that form reads in pertinent part: "(a) You must see to it that we are notified as soon as practicable of an 'occurrence' . . . which may result in a claim. . . . (b) If a claim is made or 'suit' is brought against any insured, you must: . . . (2) Notify us as soon as practicable." Def./Third Party Pl.'s Aff. in Sup. of Mot. for Summ. J. Exh. A. 23. Therefore, the Court concludes that Sutton had an obligation to provide U.S. Underwriters with notice of any

occurrence or claim related to the insured property as soon as it was practical to do so.[2]

## C. Timely Notice

Butwin argues that because Sutton failed to satisfy its obligation to provide timely notice and because those failures were cited by U.S. Underwriters as a reason for denying coverage, Butwin should be allowed to stand in U.S. Underwriters' shoes and assert this defense. Sutton does not deny its obligation to notify. Sutton instead claims that it complied by providing timely notice to U.S. Underwriters of Walenty Denert's notification of his intent to sue Sutton. In addition, Sutton argues that because "[a]n insurer's justification for denying coverage is strictly limited to the grounds set forth in the notice of disclaimer. . . . It is clear that *the notice of occurrence* condition was waived by [U.S. Underwriters] as it did not disclaim on the basis of this condition." Sutton May 30, 2007 Letter 2 (emphasis added). Because the Court finds that Sutton failed to provide timely notice of Denert's earlier, February 22, 2002 *law suit* against Smolarczyk and that this failure was cited by U.S. Underwriters as a reason for disclaiming coverage, it is not necessary to decide whether or not U.S. Underwriters validly disclaimed coverage for late *notice of occurrence.*

"Under New York law, absent a valid excuse, an insured's failure to provide timely

---

[2] The Court again notes that, even if this provision were not read into the binder via the October 3, 2001 quote, a notice provision is a common clause that is "so well understood as universally entering into insurance contracts . . . that the courts will imply [it] even though the binder be silent." Ell Dee Clothing Co. Inc. v. Marsh, 247 N.Y. 392, 396 (1928); see also Thompson v. Power Auth., 629 N.Y.S.2d 760, 761 (App. Div. 1995) (Holding that "in such cases where the policy is silent, the law implies a duty to give timely notice within a *reasonable time*.").

notice of a claim . . . is a complete defense to coverage, regardless of whether the carrier was prejudiced by the late notice." Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003) (citing Am. Home Assurance Co. v. Int'l Ins. Co. 90 N.Y.2d 433, 440 (1997)); Thompson v. Power Auth. of the State of N.Y., 217 A.D.2d 495, 496 (App. Div. 1995) ("Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy."). "There may be circumstances . . . that will explain or excuse delay in giving notice and show it to be reasonable. But the insured has the burden of proof thereon." Security Mutual Ins. Co. v. Acker-Fitzimons Corp., 31 N.Y.2d 436, 441 (1972). New York courts have held that "a good-faith belief of nonliabilty may excuse or explain a seeming failure to give timely notice. But the insured's belief must be reasonable under all the circumstances . . ." Id. (citations omitted). The proper standard for interpreting the reasonableness of an insured's failure to provide notice is the "reasonable expectation and purpose of the ordinary business man when making an ordinary business contract." 875 Forest Ave. Corp. v. Aetna Casualty and Surety Co., 37 A.D.2d 11, 12 (App. Div. 1971) (quoting Johnson Corp. v. Indemnity Ins. Co. of North Am., 7 N.Y.2d 222, 227 (1959)).

On February 22, 2002, Denert filed a complaint against Sylvester Smolarczyk ("Smolarczyk action"). On November 14, 2002 Denert filed a second, nearly identical complaint replacing Smolarczyk with Sutton as the named defendant ("Sutton action"). On March 4, 2003, in response to a letter from Sutton enclosing the complaint in the Sutton action and demanding indemnification, U.S. Underwriters disclaimed coverage "for the claims asserted by Mr. Denert in said action *and a prior action*." Fourth Party Pl.'s Notice of Cross-Mot. Summ. J. Exh. S. 1 (emphasis added). In its letter, U.S. Underwriters cited the following reasons for disclaiming

4

coverage: the employee exclusion; the late notice of claim regarding the second Sutton action; and late notice of Denert's first claim in the Smolarczyk action. With regard to the last reason, the letter stated that:

> Our investigation has discovered an affidavit of service filed in the Walenty Denert v. Sylvester Smolarczyk lawsuit that states that the insured's CEO, Mr. Smolarczyk, was served with a Summons and Complaint in that action on March 8, 2002. However, [U.S. Undersriters] did not receive notice of this claim/lawsuit until October 31, 2002.

Id. at 5.

At all relevant times Smolarczyk was the Vice President and co-owner of Sutton. Smolarczyk Dep. 27-28. Any knowledge that Smolarczyk acquired while acting in his capacity as an officer of Sutton was attributable to Sutton. See, e.g., Corrigan v. Bobbs-Merrill Co., 228 NY 58, 68 (1920); Center v. Hampton Affiliates, Inc., 66 N.Y.2d 782, 784 (1985). Smolarczyk claims that he became aware of Denert's first suit on March 23, 2002. Smolarczyk Aff. ¶ 5. Accordingly, Sutton became aware, as of that date, of a claim with regard to which it bore a duty to provide notice to U.S. Underwriters.[3] However, notice of this claim was not provided to U.S. Underwriters until October of 2002, and as a result a timely disclaimer based on this lapse resulted.

Smolarczyk asserts that "[s]ince [the Smolarczyk action] appeared to be against me in capacity as a co-employee of Joseph S., demand was made on Joseph S.'s carrier, Utica First

---

[3] For the reasons detailed *infra* on page six of this order, it is clear that Smolarczyk received this complaint in his capacity as, *inter alia*, an officer of Sutton. Furthermore, the notice requirement obliged Sutton to provide notice of any claim made "against any insured," and Section II of the CG 0001 C.G.L. Coverage Form makes it clear that Smolarczyk, as an officer of Sutton, was considered an insured under U.S. Underwriters coverage. Def./Third Party Pl.'s Aff. in Sup. of Mot. for Summ. J. Exh. A. 21.

Insurance Company to defend and indemnify me." Smolarczyk Aff. ¶¶ 4-5. He further notes that he "had no belief that a claim would be made against Sutton the owner of the Premises because Sutton did not supervise Mr. Denert and did not own the hand saw in question." Id. at ¶ 6. However, the very first paragraph of Denert's complaint in the Smolarcyzk action alleges that "at all times hereinafter mentioned, *the defendant owned the premises* known and designated as 647 [sic] Meeker Avenue," and the complaint goes on to allege that Smolarcyzk "negligently, carelessly, and recklessly owned, maintained, operated, supervised, managed and controlled the aforesaid premises." Fourth Party Pl.'s Notice of Cross-Mot. Summ. J. Exh. P. ¶¶ 1, 7 (emphasis added).

While the Court does not necessarily question Smolarczyk's assertion that he was confused as to the capacity in which he was being sued by Denert, his failure to interpret the plain language of the complaint against him as owner of the premises as implicating Sutton, the true owner, did not reflect the reasonable expectation of an ordinary business person. Cf. Security Mutual Ins. Co., 31 N.Y.2d at 442 (Finding that notice of an occurrence "would cause a reasonable and prudent person to investigate the circumstances, ascertain the facts and evaluate his potential liability."). As a result, Sutton failed to comply with the timely notice of claim requirement.

The Court finds that Smolarczyk, acting in his capacity as an officer of Sutton, was made aware of a claim that a reasonable business person would have interpreted as involving Sutton. Sutton subsequently failed to provide timely notice of that claim to U.S. Underwriters, who then validly disclaimed coverage for this reason. Because no reasonable juror could find otherwise, Butwin, by stepping into the shoes of U.S. Underwriters, is entitled to summary judgment.

6

## CONCLUSION

The Court grants Butwin's motion to reconsider and, for the reasons stated above, grants Butwin's motion for summary judgment.

SO ORDERED.

Dated: Brooklyn, New York
       December 21, 2007

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge